ALFRED LENNOX, petitioner,

*vs.*

KNOX AND LINCOLN RAILROAD COMPANY.

*Motion to set aside award of damages for land taken.*

A motion to set aside a verdict because of misconduct on the part of some of the jury will not be granted where the names of the jurors charged, and the nature of the communications made to them, are not stated in the motion; especially if the verdict is well sustained by the evidence.

The judge at *nisi prius,* upon a motion to set aside the verdict of a jury drawn to estimate the damages sustained by the location of a railroad, refused to hear any evidence to show that the award was excessive, or that the jury disregarded the instructions of the person appointed to preside at the hearing; *held,* that exceptions would not lie on account of such refusal.

ON EXCEPTIONS.

PETITION for an increase of the damages awarded to Mr. Lennox for land taken by the location of the defendants' railroad.

A view and hearing were had before a jury, presided over by George B. Sawyer, Esq., on the ninth day of August, 1871, and a verdict for $412 was returned to this court, at its October term, 1871, when the respondents filed a motion to set aside the verdict upon the ground that it was against law and evidence, and that the damages were excessive; also, because the petitioner held communications with, and gave evidence to, the jury, or some of them, prejudicial to the defendants, and calculated to increase the damages, during the view and at a time when the case was not being heard, and when the respondents had no opportunity to hear and controvert it; and because the jurors did not regard the instructions of Mr. Sawyer, directing them to hold no communications with the petitioner, his counsel and witnesses, during the view, but allowed these persons to talk with them (said jurors) relative to the matters on trial and the amount of damages to be

awarded; and, finally, because the petitioner had no title to the premises described in his petition.

The defendants offered, upon the hearing of their motion to set the verdict aside, all the evidence that was before the jury, to show that the damages were excessive, and to prove that the petitioner, instead of being injured, had been greatly benefitted by the location of the railroad ; but the presiding justice declined to receive it.

The defendants also offered testimony to prove the improper conduct of the jury, in holding communication with the petitioner during the view and hearing, which the judge declined to hear, for the reason that the allegations were not sufficiently specific, but overruled the motion and directed the affirmation of the verdict. The respondents excepted.

*Gould & Moore*, for the respondents.

It was Mr. Sawyer's duty to "keep order and direct the course of proceedings." R. S., c. 18, § 12. This duty he endeavored to perform, but the jury did not obey his directions. Such a flagrant disregard of order and propriety, and of his instructions, as we stated in our motion, and proposed to prove should vitiate a verdict thus obtained. The presiding officer had no power to commit for this contempt of his authority, and the only possible remedy is to set aside the verdict. It was the misdoing of the whole jury, therefore the motion could not be more specific. It was the fact of consulting with the petitioner and his friends, not the nature of any particular communication, that we make the ground of objection.

Any communication relative to the subject matter of the controversy outside of the testimony given upon the trial was unauthorized and wrong; was such an injury to the respondents as to require the verdict to be set aside. *Heffron v. Gallupe*, 55 Maine, 563.

What difference can it make whether it is within a jury-room or outside of it, that a party intrudes himself into the deliberations of a jury. The effect is the same in either case. And our motion is as specific as is ever required where it is not attempted to set

out precisely what was said. *Perkins v. Knight,* 2 N. H., 474 ; *State v. Hascall,* 6 N. H., 352 ; *McAlvaine v. Wilkins,* 12 N. H., 474 ; *Allen v. Aldrich,* 29 N. H., 63 ; *Cilley v. Bartlett,* 19 N. H., 313 ; *People v. Packers,* 5 Cal., 275 ; *Commonwealth v. Roby,* 12 Pick., 496, 510. R. S., c. 18, § 13, provides that "either party may file a motion to set aside the verdict for any cause that a verdict in court may be set aside. The court shall hear any competent evidence relating to the same, adjudicate thereon," &c. Where the presiding officer does not fully report the evidence, the court may take testimony *aliunde* the record, and set aside the verdict upon it. *Commonwealth v. Norfolk,* 5 Mass., 435 ; *Harding v. Medway,* 10 Metc., 465 ; *Fitchburg v. Eastern R. R.,* 6 Allen, 98. If the ruling of the justice at *nisi prius* was correct, that as matter of law he was precluded from looking at the evidence before the jury, or receiving any outside of that, to show that the damages awarded were excessive, then there is no remedy upon this score, however outrageous the verdict may be.

*A. Libbey* and *Samuel E. Smith,* for the petitioner.

The motion was not sufficiently specific in its charges of misconduct. *Warren v. Hope,* 6 Maine, 479 ; *Dennett v. Dow,* 17 Maine, 19.

RESCRIPT.

A motion to set aside a verdict because the jurors at the view held communications with the petitioner, his counsel and witnesses, will not be heard by the court, where there is no specification in the motion as to what jurors are thus charged, nor as to what was said or done in such communications ; especially where from a report of the evidence in the trial, which is made a part of the case, the verdict seems to be well sustained by the evidence reported. If the evidence could be construed as showing that the refusal to hear any evidence upon the motion to set aside the verdict as being against evidence, embraced the evidence reported by the person presiding at the view, it becomes immaterial, as such

report is referred to as a part of the exceptions and shows that, upon such a motion the verdict should not be disturbed.

*Exceptions overruled.*